**FIFTH DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J., and RICKMAN, J.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2024**

# In the Court of Appeals of Georgia

A24A0503. PADILLA-GARCIA v. THE STATE.

RICKMAN, Judge.

Quebin Ines Padilla-Garcia was tried by a jury and convicted of aggravated sexual battery and child molestation. On appeal, Padilla-Garcia contends that the trial court erred in its instructions to the jury and that he must be re-sentenced because a special condition of his probation is unlawful.[1] For the following reasons, we affirm his convictions, vacate a special condition of his probation, and remand for resentencing.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer

---

[1] This is the second appearance of this case before this Court. In *Padilla-Garcia v. State*, 369 Ga. App. 244 (893 SE2d 152) (2023), we vacated the trial court's order denying his motion for new trial to conduct the proper analysis of Padilla-Garcia's constitutional speedy trial claim. *Padilla-Garcia*, 369 Ga. App. at 247.

enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Johnson v. State*, 340 Ga. App. 429, 430 (797 SE2d 666) (2017).

So viewed, Padilla-Garcia rented a room in the seven year old victim's home. The victim's mother rented the room to earn some extra money to help with the victim's upcoming birthday expenses.

One day in May 2020, the victim, the victim's mother, and Padilla-Garcia were watching a movie together in the victim's living room. At some point, the victim's mother left the room to take a phone call. After the victim's mother left, Padilla-Garcia told the victim that he was going to touch his bottom. The victim told Padilla-Garcia "no," but Padilla-Garcia pulled him into his lap. The victim testified that Padilla-Garcia "started touching me so hard. I said that I was going to tell my mom, and ... he said no. And he did it more harder." The victim testified that he did not

consent to the touching. The victim further testified that Padilla-Garcia was touching him on the inside of his bottom and that the touching hurt.

When the victim's mother returned, the victim told her that Padilla-Garcia touched his bottom. The victim then went to his neighbor's house where he repeated what Padilla-Garcia had done to his neighbor. The victim went to the hospital for a sexual assault nurse's exam. The SANE nurse testified that the victim reported that Padilla-Garcia touched him inside his bottom. The SANE nurse took a sample from the victim's perianus.

A forensic biologist testified that he tested and compared swabs containing Padilla-Garcia's DNA with the swabs from the victim's anus/perianus. Padilla-Garcia's DNA profile matched the DNA profile found on the victim's anus/perianus.

A grand jury indicted Padilla-Garcia for aggravated sexual battery and child molestation. Padilla-Garcia was convicted on both counts. Padilla-Garcia filed a motion for new trial, which was denied by the trial court. Padilla-Garcia appealed from that order and this Court remanded the case back to the trial court. See *Padilla-Garcia v. State*, 369 Ga. App. 244 (893 SE2d 152) (2023). Following remand, the trial court again denied Padilla-Garcia's motion. This appeal followed.

1. Padilla-Garcia contends that the trial court erred by instructing the jury in two ways: (a) as to the definition of aggravated sexual battery and (b) in telling them that "consent of the victim is not a defense to this crime." We will address each in turn.

(a) On the date of the crime, OCGA § 16-6-22.2 defined aggravated sexual battery as,

> (a) For the purposes of this Code section, the term "foreign object" means any article or instrument other than the sexual organ of a person. (b) A person commits the offense of aggravated sexual battery when he or she intentionally penetrates with a foreign object the sexual organ or anus of another person without the consent of that person. (c) A person convicted of the offense of aggravated sexual battery shall be punished by imprisonment for life or by a split sentence that is a term of imprisonment for not less than 25 years and not exceeding life imprisonment, followed by probation for life, and shall be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.

OCGA § 16-6-22.2 (d) (2020). In between the date of the crime and the date of trial, the legislature added the following subsection to OCGA § 16-6-22.2,

> (d) When the alleged victim is under the age of 16 years and the conduct is for the purpose of sexual arousal on the part of the alleged offender or

4

alleged victim, consent of the alleged victim shall not be a defense to a prosecution under this Code section; provided, however, that if at the time of the offense the alleged victim is at least 13 but less than 16 years of age and the accused is 18 years of age or younger and no more than 48 months older than the alleged victim, this subsection shall not be applicable.

OCGA § 16-6-22.2 (d) (2023).

Padilla-Garcia argues that the trial court erred because it gave the jury the amended definition of the crime rather than the statutory definition of the crime at the time it was committed, thus relieving the State of the burden of proving lack of consent.

"[I]n general, a crime is to be construed and punished according to the provisions of the law existing at the time of its commission." (Citation and punctuation omitted.) *Torres v. State*, 361 Ga. App. 149, 154 (863 SE2d 399) (2021). Accordingly, the trial court erroneously instructed the jury that "consent of the victim is not a defense to this crime."

Because Padilla-Garcia made no objection to the charge, we review it for plain error. See *Vasquez v. State*, 306 Ga. 216, 225 (2) (830 SE2d 143) (2019). We apply a four-part test when evaluating alleged plain errors in jury charges;

5

First, there must be an error or defect—some sort of deviation from a legal rule—that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it affected the outcome of the trial court proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.

(Citation and punctuation omitted.) Id.

Pretermitting whether this was an error that has not been relinquished or abandoned and whether it was clear or obvious, Padilla-Garcia cannot show that the error affected the outcome of the trial court proceedings.

"While relieving the State from proving an element of the crime can certainly be harmful error affecting the outcome of a proceeding it is unlikely, given the evidence presented in this case, that the instruction at issue affected [Padilla-Garcia's] substantial rights." (Citation, punctuation, and footnote omitted.) *State v. Williams*, 308 Ga. 228, 232 (2) (838 SE2d 764) (2020). Here, the victim was seven years old when Padilla-Garcia intentionally penetrated his anus with his finger, the victim

testified that he did not consent to the conduct, and the victim testified that he experienced substantial pain from the experience. Additionally, Padilla-Garcia did not claim that the touching was consensual or for some non-sexual purpose. Accordingly, under the circumstances of this case, considering the age of the victim, that the conduct was obviously sexual in nature, and that the evidence of guilt was very strong, it is unlikely the trial court's instruction affected the outcome of the proceeding. See id.

(b) Alternatively, Padilla-Garcia contends that the trial court improperly prejudged the facts by instructing the jury that consent of the victim is not a defense to the crime.

"It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused." OCGA § 17-8-57 (a) (1). Failure to make a timely objection to an alleged violation of OCGA § 17-8-57 (a) (1) waives appellate review, unless such a violation constitutes plain error. See OCGA § 17-8-57 (b).

As in Division 1 (a), pretermitting whether the trial court erred and was a clear and obvious violation of OCGA § 17-8-57 (a) (1), Padilla-Garcia cannot prove that the trial court's allegedly improper judicial comment affected the outcome of the proceedings. See *Willis v. State*, 304 Ga. 122, 129 (2) (c) (816 SE2d 656) (2018).

2. Padilla-Garcia contends that he must be re-sentenced because the special conditions of his probation prohibiting contact with minors is unlawful because it is overly broad and lacks specificity. We agree that the condition at issue must be vacated.

> A trial court has broad discretion in sentencing to impose conditions reasonably related to the nature and circumstances of the offense and rehabilitative goals of probation. But such conditions must be stated with reasonable specificity to afford the probationer notice of the groups and places he must avoid. And the conditions must not be so broadly worded as to encompass groups and places not rationally related to the purpose of the sentencing objective.

(Citation and punctuation omitted.) *Bryant v. State*, 363 Ga. App. 349, 352 (2) 870 SE2d 33) (2022).

The special condition at issue prohibits "unsupervised contact, whether directly in person or indirectly through any means of communication or through

employment, volunteer activity or otherwise with any child under the age of sixteen (16), including your own children, nor with any person unable to give consent because of mental or emotional limitations."

Here, the special condition at issue fails to put Padilla-Garcia on notice of the groups and places he is required to avoid. The condition "could be applied to prohibit [Padilla-Garcia] from shopping at virtually any store, visiting any restaurant, or literally going to any other location in which [Padilla-Garcia] would come into contact with the general public." (Citation and punctuation omitted.) *Bryant*, 363 Ga. App. at 353 (2). Accordingly, because the special condition is too broad, we vacate the special condition, and remand this case to the trial court for re-sentencing only as to the vacated condition. See *Bryan v. State*, ____ Ga. App. ____ (5) (Case No. A24A0048; decided June 5, 2024; *Bryant*, 363 Ga. App. at 354 (3).

*Judgment affirmed in part, sentence vacated in part; and case remanded for resentencing. Mercier, C. J., and McFadden, P. J., concur.*